# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS  DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

        vs.

JOHN GRICE,

                Defendant.

)
)
)       1:12-cr-185-05 SEB-MJD
)
)
)
)
)
)

## ENTRY DENYING DEFENDANT'S MOTION TO RECONSIDER
## DETENTION ORDER
### (Docket No. 107)

Now before the Court is Defendant John Grice's Motion for Reconsideration of the Order of Detention entered on December 26, 2012 (Dkt. Nos. 97 and 108) by the Magistrate Judge following a hearing conducted on December 21, 2012. The referenced motion seeking reconsideration was filed on January 10, 2013 (Dkt. No. 107) and the Government's response in opposition was filed on February 1, 2013 (Dkt. No. 110). No reply brief was filed by Defendant.

Defendant is charged in Count One of a three count, multiple defendant marijuana conspiracy indictment. At his initial appearance, the Government sought to have him detained pursuant to 18 U.S.C. § 3142 on the grounds that he poses a risk of flight and a danger to the community. Because the Defendant is charged in a Controlled Substance Offense for which the sentencing range is ten years up to life imprisonment, the Government invoked the statutory presumption in favor of detention as the predicate for its motion.

The evidence considered by the Magistrate Judge at the detention hearing included information drawn from the Pretrial Services Report showing that. Defendant has a history of daily

abuse of cocaine and weekly abuse of prescription opiates. That report further indicated that he had been unemployed for the prior eight months, which, according to Defendant, is due to his slow recovery from a back injury that has prevented him from working. The PSR also listed multiple judgments and liens against Defendant on file in Marion County, and a criminal history that reflects numerous arrests, three convictions including one for a prior drug offense, a prior violation of probation and five separate failures to appear for court hearings. ( Dkt. No. 108, p. 5 at ¶¶ 5(A), (B), and ©).)

Government counsel has informed the Court that Defendant's apprehension came as a result of an investigation that relied on evidence from a court ordered wiretap, that the marijuana allegedly being distributed by Defendant and his coconspirators was a high-grade substance, and that the execution of a search warrant on Defendant's residence produced two firearms, a quantity of cocaine, approximately one half pound of marijuana (high grade), scales and drug packaging material.

Defendant's witnesses testified at the hearing to his forty year residency in Indianapolis, his established family ties and his involvement in certain community activities. The Motion to Reconsider recites that Defendant's fiancee, Camille Gray, has indicated that she is able and willing to provide lodging for him at her Indianapolis residence, if he is released on pretrial conditions. Defendant's motion further avers that if he were placed on home detention he would pose no risk of flight or danger to the community.

The Magistrate Judge, having heard and considered this evidence, ordered Defendant detained on the grounds that, if released, no condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of any other person and the community, 18 U.S.C. § 3142(e), and that he posed a risk of flight and of danger to the

community.

We have engaged in a de novo review of the pre-trial detention order, as required by 18 U.S.C. § 3145(b), and conclude, consistent with the Magistrate Judge's findings and conclusions, that no condition or combination of conditions imposed on the Defendant were he to be released would overcome the high risk that he would flee or pose a danger to the safety of the community. We hold that Defendant's continued pretrial detention is necessary and appropriate under the factual circumstances presented to us as well as the applicable legal principles. His request for release from custody pending trial therefore must be DENIED.

In reaching this decision, we adopt and incorporate herein as our own, without need of repetition, the statutory analysis and case law laid out in the Magistrate Judge's Order, finding that analysis correct in all respects and appropriately applied here.

As noted previously, the Government moved for Defendant's detention pursuant to 18 U.S.C. § 3142(f). The charge in the Indictment against Defendant carries a possible penalty of a mandatory minimum sentence of ten years of imprisonment and a maximum penalty of life imprisonment. Pursuant to Section 3142(e)(3) of Title 18, United States Code, based on the probable cause finding by the judge that the Defendant committed an offense for which these penalties apply, a presumption arises, subject to Defendant's rebuttal, that there is no condition or combination of conditions of release which will reasonably assure the appearance of the Defendant as required and the safety of the community or that the Defendant will not pose a serious risk of flight if released. The Magistrate Judge determined that this presumption was not satisfactorily rebutted by the Defendant, and we conclude the same in conducting our de novo review of the detention order.

The Magistrate Judge provided in Paragraphs 8 and 9 of his order a detailed discussion of the factors outlined in § 3142(g) that informed in decision in favor of detention. We have no

disagreement with that assessment, specifically holding that Defendant's family ties are somewhat tenuous given that his closest connection appears to be with his fiancee who has said she would allow the Defendant to live at her residence if he were released.  While he reportedly has lived in Indianapolis most of his adult life, he does not have current employment or other significant ties to the community.  The evidence underlying the charge against him appears compelling, the objects found in his home when the search warrant was executed evidence a full scale involvement in drug related activities (including a firearm and controlled substances and drug paraphernalia), the conspiracy in which he is charged names seven co-defendants, thereby suggesting an established network of people who might have their own interest in encouraging or enabling Defendant's flight from prosecution and/or an obstruction of justice by interfering with witnesses.  Defendant's criminal history also includes a prior drug related conviction, numerous drug related arrests, and various instances of failures to appear at other court proceedings.

All in all, pursuant to 18 U. S. C. § 3142(g), given Defendant's personal history and characteristics, including his weak family ties, his lack of employment, his largely unknown financial resources beyond any earnings he may have had from drug dealing, his long term, frequent, extensive personal use of controlled substances; and given the nature and circumstances of the offense with which he is charged,  including the heightened penalties he will face if convicted along with the strong weight of the evidence against him based on the wiretaps and the search warrant; and given the nature and seriousness of the danger posed should he be released pending trial, we conclude by a preponderance of the evidence that should he be released Defendant poses a clear risk of flight, and we also find by clear and convincing evidence that his release would pose a danger to the community.  We draw these conclusions with little difficulty and virtually no doubt, judging that any relief from his current pretrial detention would be, at best, a risky bet, for which there is no

justification.

Accordingly, based on our de novo review of the issue of Defendant's detention, the Magistrate Judge's Order detaining him is affirmed and the relief requested in the Motion to Reconsider Detention Order is **<u>DENIED</u>**.

IT IS SO ORDERED.

Date: 03/11/2013

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Bruce D. Brattain
BRATTAIN & MINNIX
bbrattain@brattainminnix.com